PEOPLE'S TRACTION COMPANY, EZEKIAL V. CORSON AND
MARGARET STOY, PROSECUTORS, v. CITY OF AT-
LANTIC CITY AND CENTRAL PASSENGER RAILWAY
COMPANY.

Argued February 18, 1904—Decided May 24, 1904.

1. Acceptance of dedicated streets is found in a resolution of
   acceptance and in the passage by a municipality of an ordinance
   granting permission to a street railway company to lay its tracks
   therein and conditioning its permission upon the grading and
   paving the streets in a specified way.
2. A traction company incorporated under the act of 1893 obtains
   no exclusive right for a location of a route by reason of having
   filed a description of its route in the secretary of state's office; it
   must also have the consent of the municipal authorities.
3. In estimating the number of lineal feet of property necessary to
   authorize the consent of a municipality to the construction of a
   street railway, the cross streets are to be omitted.

On *certiorari*.

Before Justices FORT and GARRETSON.

For the prosecutors, *Eli H. Chandler*.

For the defendants, *Godfrey & Godfrey* and *Thompson
& Cole*.

The opinion of the court was delivered by

GARRETSON, J. This is a *certiorari* to set aside an ordi-
nance of Atlantic City, granting a location of the tracks
and route of the Central Passenger Railway Company, also
granting consent and permission to said railway company
to construct, maintain and operate a street railway by the
electric overhead system, and to construct, erect, use and
maintain poles, wires, conduits and other structures and ap-
pliances appropriate and necessary to operate and maintain
its railway, and to fix and determine the location of its rails

and tracks and the places in which its poles shall be located in, upon, through and over the respective portions of Virginia, Adriatic and South Carolina avenues, in Atlantic City, as shown in its description of route on file and thereinafter described.

The ordinance grants permission for the location, and locates with great particularity each pole, and grants permission for the operation of the road, and as conditions of such permission requires the paving by the company of those streets in some portions the entire width and in other portions along the middle, between points one foot outside the outer rail on each side.

The first reason assigned is that the city council was without jurisdiction to entertain the petition of the Central Passenger Railway Company and to grant the ordinance prayed for in the petition. The basis for this reason seems to be in the clause that certain portions of the streets through which consent to lay the railroad was granted by the ordinance were not dedicated and accepted streets. We think the evidence shows that the streets were dedicated by the filing of maps and sales of lots upon them, and were accepted by the city by resolution, accepting them, and also by the passage of this very ordinance, in which provision is made for their improvement by paving.

Another reason urged is that the People's Traction Company has an exclusive right for a location of a route of street railway upon the streets, avenues and highways, &c., included in the petition. The Traction company claims this right by reason of having filed a description of its route, together with a map, in the office of the secretary of state. The Traction company is incorporated under "An act to authorize the formation of traction companies for the construction and operation of street railways or railroads operated as street railways and to regulate the same." *Pamph. L.,* 1893, *p.* 302. By section 6 of that act it is provided "that whenever any corporation, created under this act, desires to extend any existing railway or to build any new line of

railway in the exercise of powers conferred by this act, such corporation shall, before beginning the construction of such extension or new line, file in the office of the secretary of state a description of the route of such extension or new line, showing the termini of such extension or new line, together with a map exhibiting the same, with the courses and distances thereof, and upon filing such description and map such corporation shall thereby secure the exclusive right to build such extension or new line for a period of six months, and thereafter for the additional period of two years if within said six months such corporation shall have begun, in good faith, to construct such extension or new line and shall have diligently pursued such construction to the completion of such extension or new line within the period of the two years and six months aforesaid, to be computed from the day of the filing of such description and map; *provided, however,* that such corporation shall have obtained the consent of the board of aldermen, common council or the body having control of streets and highways or other governing body of any city, town, village, township or county as to the location of the route of such extension or new line." It is clear that the company obtains no exclusive right to build for a period of six months merely by filing the description and map with the secretary of state, but that the consent of the local authorities to the location is essential to the completion of that exclusive right. An examination of the evidence satisfies us that the consent, in writing, of the owner or owners of at least one-half in amount in lineal feet of property fronting on the streets was filed with the city clerk. In computing the lineal feet of property the cross streets are to be omitted. *Currie* v. *Atlantic City Railway Co.,* 37 *Vroom* 140.

We do not find any sufficient grounds for setting aside the ordinance, and the same is affirmed, with costs.